J-A13011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FURMAN OSBORNE | : | |
| | : | |
| Appellant | : | No. 3915 EDA 2017 |

Appeal from the PCRA Order November 17, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0803611-2004

BEFORE:   SHOGAN, J., NICHOLS, J., and STRASSBURGER*, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED AUGUST 14, 2019**

Appellant, Furman Osborne,[1] appeals *pro se* from the order denying his

petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.

§§ 9541–9546.  We affirm.

On November 14, 2006, a jury convicted Appellant of first-degree

murder and possessing an instrument of crime ("PIC")[2] for the 2004 shooting

---

[1]  In a prior memorandum, we observed that Appellant's surname has been
incorrectly spelled as "Osbourne." **Commonwealth v. Osborne**, 159 A.3d
57, 2432 EDA 2015 (Pa. Super. filed October 26, 2016) (unpublished
memorandum at *1 n.1.  We have corrected the caption once again in this
appeal.

[2]  18 Pa.C.S. §§ 2502 and 907, respectively.

---

*   Retired Senior Judge assigned to the Superior Court.

death of Steven Kennedy ("the victim").[3]  The trial court sentenced Appellant

to life imprisonment for murder and a concurrent term of incarceration of one

to two years for PIC.  Order, 1/22/07.  Appellant did not file a direct appeal.

Instead, in 2007, Appellant filed a *pro se* PCRA petition seeking restoration of

his direct-appeal rights.  Appointed counsel filed an amended petition.  For

unknown reasons, the PCRA court appointed new counsel, who also filed an

amended petition.  The PCRA court granted Appellant's PCRA petition and

reinstated Appellant's direct appeal rights on May 7, 2008.  Order, 5/7/08.

---

[3]  The facts of the crime were summarized by this Court in a prior appeal. ***Commonwealth v. Osbourne***, 988 A.2d 726, 1569 EDA 2008 (Pa Super. filed November 18, 2009) (unpublished memorandum).  Without repeating the extensive evidence in this case previously summarized therein, we note, for purposes of our explanation of Appellant's PCRA claim *infra*, in May 2004, Appellant told the victim's girlfriend that the victim was avoiding him because the victim owed Appellant $200; if Appellant wanted the victim killed, he could easily arrange to have it done and would shut off the victim's cell phone so no one would find his body.  N.T., 11/8/06, at 97–106.  On May 27, 2004, Appellant drove the victim to a house the victim owned at 2019 North 19th Street in Philadelphia where the victim housed pit bulls; fatally shot the victim fifteen times in the head, neck, chest, stomach, arm, leg, hand, and back with a .45 caliber semi–automatic pistol and a nine-millimeter semi-automatic pistol; fled the house and the area in a white van as neighbors looked on; and deactivated the victim's cell phone.  ***Id***. at 114–115, 166–182; N.T., 11/9/06, at 29, 79, 160–172.  Pursuant to a warrant, police arrested Appellant. "Appellant owned a .45 caliber semi-automatic pistol, which police recovered over a year after the murder, and also a nine-millimeter semi-automatic pistol, which was never found."  PCRA Court Opinion, 11/14/18, at 3, citing N.T., 11/8/06, at 138, 165, 216–233; 11/9/06, 78–79, 108–137, 159–160, 199–204, 207–213, 223–224; N.T., 11/10/06, at 5–10, 17–53, 94–95, 107; ***Osbourne***, 1569 EDA 2008 (unpublished memorandum at *2–6).

Appellant filed a notice of appeal *nunc pro tunc*, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal *nunc pro tunc*, this Court determined that the Commonwealth presented sufficient evidence in support of the convictions, where Appellant shot the victim fifteen times in the head, chest, back, leg, neck causing the victim's death. We also affirmed the trial court's conclusion that the jury's verdict was not against the weight of the evidence. ***Osbourne***, 1569 EDA 2008 (unpublished memorandum at 14–15), *appeal denied*, 995 A.2d 352, 730 EAL 2009 (Pa. 2010).

Appellant filed a *pro se* PCRA[4] petition on February 18, 2011. After counsel was appointed, Appellant requested to proceed *pro se*. The PCRA court held a ***Grazier***[5] hearing and on August 27, 2012, granted Appellant's request to proceed *pro se*. PCRA Court Opinion, 11/14/18, at 4. In the ensuing three years, Appellant filed multiple amended and supplemental amended PCRA petitions. On July 17, 2015, the PCRA court dismissed Appellant's PCRA petition. Order, 7/17/15. Appellant filed a timely appeal,

---

[4] Although the 2011 PCRA petition was Appellant's second petition, because the relief granted in the first petition restored Appellant's direct appeal rights, it "reset the clock" for the calculation of the finality of the judgment of sentence for purposes of the PCRA. ***Commonwealth v. McKeever***, 947 A.2d 782, 785-786 (Pa. Super. 2008). Thus, the 2011 PCRA petition "is considered a first PCRA petition for timeliness purposes." ***Commonwealth v. Turner***, 73 A.3d 1283, 1286 (Pa. Super. 2013).

[5] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

raising eight issues of ineffective assistance of counsel. This Court determined that all of the issues lacked merit and affirmed the denial of PCRA relief. *Osborne*, 2432 EDA 2015 (unpublished memorandum at 12).

On December 3, 2015, while Appellant's PCRA appeal was pending in this Court, Appellant filed a *pro se* federal petition for writ of *habeas corpus*. The petition was dismissed without prejudice as unexhausted. *Osbourne v. Kerestes*, 2016 WL 2939520 (E.D. Pa. 2016). On December 23, 2016, Appellant filed a second *pro se* petition for writ of *habeas corpus*, which was denied on August 29, 2017. *Osbourne v. Delbaso*, 2017 WL 3726431 (E.D. Pa. 2017). The court of appeals denied a certificate of appealability. *Osbourne v. Superintendent Houtzdale SCI*, 2017 WL 8223284 (3d Cir. 2017).

On November 10, 2016, Appellant filed the instant *pro se* PCRA petition. The Commonwealth filed a response, and on September 22, 2017, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss the petition. Appellant filed an objection on October 10, 2017. The PCRA court dismissed Appellant's petition as untimely on November 17, 2017. Appellant filed a timely notice of appeal, and Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following questions for our review:

1) Did the Appellant meet 42 Pa.C.S.A. § 9545(b)(1)(ii) standards pursuant to **Commonwealth v. Burton**, 121 A.3d 1063 (Pa. Super. 2015), affirmed 158 A.3d 618 (Pa. 2017)[]; and the PCRA Court erred when denying

Appellant's timely PCRA petition which entitled Appellant to enumerated exceptions under 42 Pa.C.S.A. § 9545(b)(1)(ii)?

2) Did the PCRA Court err, and commit reversible error when it dismissed Appellant's petition without the benefit of a properly conducted evidentiary hearing?

3) Did the Commonwealth commit a **Brady v. Maryland**, 373 U.S. 83 (1963) violation when it's [sic] witness "Donald Jones" testified during trial that "Muhamad" A. Melek was a witness to the crime charged?

Appellant's Brief at 2–3.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether it is free of legal error. **Commonwealth v. Staton**, 184 A.3d 949 (Pa. 2018). We consider the record in the light most favorable to the prevailing party in the PCRA court. **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015). Moreover, we grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014). "With respect to the PCRA court's decision to deny a request for an evidentiary hearing, . . . such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." **Mason**, 130 A.3d at 617.

The PCRA court dismissed Appellant's PCRA petition as untimely. The timeliness of a PCRA petition is a jurisdictional threshold that may not be disregarded in order to reach the merits of the claims raised in the petition. **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (citing

- 5 -

*Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000)). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

As noted, this Court affirmed Appellant's judgment of sentence on November 18, 2009, and our Supreme Court denied Appellant's petition for allowance of appeal on May 18, 2010. Therefore, Appellant's judgment of sentence became final ninety days later, when the time for pursuing a writ of *certiorari* in the United States Supreme Court expired on August 16, 2010. 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13. Thereafter, Appellant had one year, or until August 16, 2011, to file a timely PCRA petition. 42 Pa.C.S. § 9545(b)(1).

As discussed above, Appellant filed his PCRA petition on November 10, 2016. Accordingly, Appellant's PCRA petition is patently untimely. However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[6] A

---

[6] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

petition invoking one of these exceptions must be filed within sixty days[7] from the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). The PCRA petitioner bears the burden of proving the applicability of one of the exceptions. *Commonwealth v. Edmiston*, 65 A.3d 339, 346 (Pa. 2013).

Appellant's first two issues are based on his claim that his PCRA petition should be deemed timely due to the newly discovered-facts exception pursuant to 42 Pa.C.S. § 9545(b)(1)(ii). Appellant's Brief at 11. In both his objection to the PCRA court's Rule 907 notice and in his appellate brief, Appellant asserts that while his "first PCRA petition was pending in the Superior Court[,] Appellant received for the first time around August 12, 2016[,] detailed witness account testimony by Affidavit from Mr. Muhammad

_____

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[7] 42 Pa.C.S. § 9545(b)(2) was amended effective December 24, 2018, and provided that claims arising after December 24, 2017, were permitted to be filed within one year, rather than sixty days, of the date the claim could have been presented. Appellant filed his PCRA petition on November 10, 2016, which was prior to the effective date of the amendment.

A. Melek." Appellant's Brief at 9. Appellant contends that Mr. Melek attested that while at his place of business on May 27, 2004, he heard gunshots, looked outside and saw Appellant at the back of his white van. Appellant's Brief at 7. Further, Mr. Melek attested that a former employee, Donald Jones, who was a Commonwealth witness, arrived for work that day after the shots were fired. *Id.*

"The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015).

> Due diligence demands that the petitioner take reasonable steps to protect his own interests. *Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa. Super. 2001). A petitioner must explain why he could not have learned the new facts earlier with the exercise of due diligence. *Commonwealth v. Breakiron*, 781 A.2d 94, 98 (2001); *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010), *appeal denied*, 610 Pa. 607, 20 A.3d 1210 (2011). This rule is strictly enforced. *Id.* Additionally, the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Marshall*, 596 Pa. 587, 596, 947 A.2d 714, 720 (2008) (emphasis in original).

The PCRA court concluded that Appellant failed to overcome the time-bar. In rejecting Appellant's claim, the PCRA court stated as follows:

> Appellant's attempt to meet the new fact exception failed. To meet the new fact exception, Appellant needed to prove that "the facts upon which the claim was predicated were unknown to him and could not have been ascertained by the exercise of due diligence." *Id*. Additionally, Appellant needed to show that he had filed his claim "within 60 days of the date it could have been presented." § 9545(b)(2).

Appellant acknowledged that he knew about Melek's existence at the time of his 2006 trial because Jones referred in his trial testimony to his employer "Muhammad" being present in the shop at the time of the crime. Appellant also argued in his 2011 PCRA Petition that trial counsel was ineffective for not calling Muhammad as a witness at trial. Because Appellant knew of this witness'[s] existence in 2006 and 2011, his attempt to now characterize him as an after-discovered witness failed. Nor could Appellant meet the 60-day requirement under these circumstances since he could not show that he filed his petition within 60-days of learning about Melek's existence.

Appellant attempted to excuse his delay by arguing that he could not have discovered Melek's existence sooner, as he did not learn Melek's last name until he received Melek's affidavit in the mail in November of 2016. This argument failed because Appellant could easily have located this witness. Appellant conceded that he knew Melek's first name and place of business after hearing Jones'[s] 2006 trial testimony. Appellant simply could not establish that he acted with due diligence by waiting for ten years to receive Melek's affidavit in the mail. *See Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001) (petition untimely where appellant failed to offer a reasonable explanation why, with due diligence, new information could not have been obtained earlier).

PCRA Court Opinion, 11/14/18, at 8.

We agree with the PCRA court that Appellant failed to demonstrate that he exercised due diligence to obtain the affidavit sooner. Appellant admitted in the instant PCRA petition "that Commonwealth witness Donald Jones was an employee at [Mr. Melek's] auto shop at that time" and that Mr. Jones mentioned Mr. Melek "by first name" during his trial testimony. PCRA petition, 11/10/16, at 3, 6, 7, 7B. Appellant offers no explanation regarding why he failed to ask Mr. Melek, Mr. Jones's employer, as to what he saw or heard at the time of the shooting. This failure constitutes a lack of due diligence that

is fatal to his claim. **See**, **e.g.**, **Brown**, 111 A.3d at 177–178 (the appellant did not allege "sufficient due diligence" to establish new-facts exception in murder case wherein the appellant alleged new information from a witness he knew was present at the scene, but he never attempted to contact to determine whether the witness had additional information regarding the shooting).

Finally, Appellant did not establish that he filed the PCRA petition within sixty days of when he could have raised the claim. Clearly, Appellant could have discovered the identity of Witness Jones's employer, where Appellant concedes that Mr. Jones referenced him at trial. PCRA petition, 11/10/16, at 3, 6, 7, 7B.

Appellant's third issue, that the Commonwealth violated **Brady v. Maryland**, 373 U.S. 83 (1963), is waived. The issue was not raised in Appellant's PCRA petition. Moreover, it is undeveloped in Appellant's appellate brief. As this claim was never raised before the PCRA court, it cannot be raised for the first time on appeal. **Commonwealth v. Bedell**, 954 A.2d 1209, 1216 (Pa. Super. 2008) (issue not raised in PCRA petition is waived), citing Pa.R.A.P. 302(a) ("issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). **See also Commonwealth v. Edmiston**, 851 A.2d 883, 889 (Pa. 2004) (issue not raised in the PCRA court is waived on appeal); **Commonwealth v. Bullock**, 948 A.2d 818, 823 (Pa.

Super. 2008) (the appellant abandoned in his brief the contention set forth in statement of issues).

In conclusion, because Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the issues presented and grant relief. ***See Commonwealth v. Fairiror***, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/14/19